**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jessica Easchief**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Paradise Life Style LLC**, an Arizona limited liability company, and **Julie Kim Pham and John Doe Pham**, a married couple, | |
| Defendants. | |

Plaintiff, Jessica Easchief ("Plaintiff" or "Jessica Easchief"), sues the Defendants,

Paradise Life Style LLC and Julie Kim Pham and John Doe Pham (collectively,

"Defendants" or "Paradise Lifestyle") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum and overtime wages, liquidated

damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum

Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article

8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek.  <u>See</u> 29 U.S.C. § 207(a).

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

### **JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

<u>**PARTIES**</u>

7.    At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.    At all material times, Defendant Paradise Life Style LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Paradise Life Style LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.    At all relevant times, Defendant Paradise Life Style LLC owned and operated as "Paradise Lifestyle," a behavioral health center doing business in Maricopa County, Arizona.

10.    Under the FLSA, Defendant Paradise Life Style LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Paradise Life Style LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Paradise

1  Lifestyle's employees, Defendant Paradise Life Style LLC is subject to liability under the

2  FLSA.

3      11.    On information and belief, Defendants Julie Kim Pham and John Doe Pham

4  are, upon information and belief, husband and wife.  On information and belief, they have

5  caused events to take place giving rise to the claims in this Complaint as to which their

6  caused events to take place giving rise to the claims in this Complaint as to which their

7  marital community is fully liable.  On information and belief, Julie Kim Pham and John

8  Doe Pham are owners of Paradise Lifestyle and were at all relevant times Plaintiff's

9  employers as defined by the FLSA, 29 U.S.C. § 203(d).

10

11     12.    On information and belief, under the FLSA, Defendants Julie Kim Pham

12  and John Doe Pham are employers.  The FLSA defines "employer" as any person who

13  acts directly or indirectly in the interest of an employer in relation to an employee.  On

14  information and belief, at all relevant times, Defendants Julie Kim Pham and John Doe

15  Pham had the authority to hire and fire employees, supervised and controlled work

16  schedules or the conditions of employment, determined the rate and method of payment,

17  schedules or the conditions of employment, determined the rate and method of payment,

18  and maintained employment records in connection with Plaintiff's employment with

19  Defendants.  On information and belief, as persons who acted in the interest of

20  Defendants in relation to Paradise Lifestyle's employees, Defendants Julie Kim Pham

21  and John Doe Pham are subject to individual liability under the FLSA.

22  and John Doe Pham are subject to individual liability under the FLSA.

23     13.    Plaintiff is further informed, believes, and therefore alleges that each of the

24  Defendants herein gave consent to, ratified, and authorized the acts of all other

25  Defendants, as alleged herein.

26  Defendants, as alleged herein.

27

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25.    At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26.    Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27.    Defendants own and/or operate as Paradise Lifestyle, an enterprise doing business in Maricopa County, Arizona.

28.    Plaintiff was hired by and began working for Defendants in approximately November 2022.

29.    At all relevant times, Plaintiff worked for Defendants for approximately four months and left on approximately March 20, 2023.

30.    At all relevant times, in her work for Defendants, Plaintiff worked as a manager for Defendants.

31.    Defendants, in their sole discretion, agreed to pay Plaintiff approximately $800 per week.

32.    Plaintiff, in her work for Defendants, was assigned the same rate of pay, regardless of the number of hours she worked in a given workweek.

33.    Plaintiff, in her work for Defendants, was assigned the same rate of pay, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

34.    However, Defendants paid Plaintiff wages only two times throughout her employment.

35.     The first time Defendants paid Plaintiff wages was on or about February 22, in the amount of approximately $600.

36.     The second time Defendants paid Plaintiff wages was on or about March, in the amount of approximately $500.

37.     Other than those two instances, Defendants did not pay any wages whatsoever to Plaintiff for the entire duration of her employment.

38.     Despite working approximately 18 workweeks for Defendants, Plaintiff did not receive any wage whatsoever, but for the above mentioned $600 and $500 payments, for the entire duration of her employment.

39.     During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 70 and 100 hours or more in a given workweek.

40.     Plaintiff worked with knowledge of Defendants, and at Defendants' request, in excess of 40 hours in a given workweek during her employment with Defendants.

41.     At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek during her employment with Defendants.

42.     As a result, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

43.     While working, Plaintiff was required to work and be on call 24 hours per day.

44.     Throughout her employment, Plaintiff continuously contacted Defendant Julie Kim Pham to inquire about when she would be paid for the work she performed for Defendants.

45.     In response, Defendant Julie Kim Pham repeatedly promised payment but never delivered payment.

46.     Accordingly, but for the above-mentioned payments, Defendants did not pay Plaintiff any wage whatsoever for the entire duration of her employment.

47.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

48.     As a result of not having paid any wage whatsoever to Plaintiff for such hours worked for Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

49.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

50.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

51.     At all relevant times, Plaintiff was a non-exempt employee.

52.     Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

53.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

54.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

55.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

56.     Plaintiff is a covered employee within the meaning of the FLSA.

57.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

58.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

59.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

60.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

63.     In a given workweek of her employment with Defendants, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

64.     As a result of Defendants' failure to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate, in violation of 29 U.S.C. § 207.

65.     As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

66.     As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

67.     Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants in excess of 40 hours during her employment.

68.     Plaintiff is therefore entitled to compensation one and one-half times her regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be

proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jessica Easchief, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.   For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest;

E.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.   Such other relief as this Court shall deem just and proper.

<u>**COUNT TWO: FAIR LABOR STANDARDS ACT**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

69.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70.     But for the aforementioned payments, as a result of not paying Plaintiff any wage whatsoever for the entire duration of her employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

71.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

72.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jessica Easchief, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.      For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     But for the aforementioned payments, as a result of not paying Plaintiff any wage whatsoever for the entire duration of her employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

75.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

76.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jessica Easchief, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

-13-

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**PARADISE LIFE STYLE LLC ONLY**

77.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.    As a result of the allegations contained herein, Defendant Paradise Life Style LLC did not compensate Plaintiff wages due and owing to her.

79.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

80.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendant Paradise Life Style LLC.

81.    Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Jessica Easchief, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

-14-

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 3rd day of April, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1
2    Plaintiff, Jessica Easchief, declares under penalty of perjury that she has read the

3    foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4    asserted therein are true and based on her personal knowledge, except as to those matters

5    stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                                         _____
                                                         Jessica Easchief (Apr 4, 2023 12:35 PDT)
9                                                         Jessica Easchief

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-16-