# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Easchief,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Paradise Life Style LLC,<br>Julie Kim Pham,<br><br>　　　　　　　　Defendants. | No. CV 23-00571 PHX CDB<br><br>**ORDER** |

All of the parties have consented to the exercise of magistrate judge jurisdiction over the matter, including the entry of final judgment. Discovery in this matter commenced September 7, 2023; there are no notices of initial disclosure or requests for discovery being served in the CM/ECF docket in this matter.

On September 7, 2023, upon the request of the parties, this matter was referred for a settlement conference and the parties were ordered to contact the referral Magistrate Judge no later than September 22, 2023, to schedule a settlement conference. On October 23, 2023, in response to an order of the Court, Plaintiff's counsel advised that, through that date, Plaintiff had not provided counsel with her availability for a settlement conference. (ECF No. 36). On October 23, 2023, the Court allowed Plaintiff until November 22, 2023, to docket a status report with regard to the parties' scheduling of a settlement conference. The Court ordered that, should Plaintiff fail to make herself available and schedule a settlement conference in this matter prior to November 22, 2023,

Plaintiff would be required to show cause why this case should not be dismissed for her failure to comply with the Court's orders and for failure to prosecute her claims.

In lieu of filing a status report, on November 21, 2023, counsel for Plaintiff filed a motion to withdraw without consent. (ECF No. 38). The Court then issued an order denying the motion to withdraw and allowing Plaintiff until December 15, 2023, to show cause why this matter should not be dismissed for Plaintiff's failure to comply with the Court's orders and for failure to prosecute her claims. (ECF No. 39). The Court ordered Plaintiff's counsel to serve the order on Plaintiff and provide proof of service; counsel complied with the order at ECF No. 39. Plaintiff has not responded to the Order to Show Cause.

A plaintiff has the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Company*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633. In determining whether Plaintiff's failure to prosecute warrants dismissal of this case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotations omitted).

Here, the first, second, and fourth factors favor dismissal of this case. Plaintiff has not cooperated in an "expeditious resolution" of the issues. With regard to the second factor, Plaintiff has failed to comply with the Court's orders, and thereby thwarted the Court's efforts to manage its docket. As to the third factor, Defendants have not averred

they are prejudiced by any delay. With regard to the fourth factor, the favoring of resolution of disputes on their merits, the Court cannot achieve a resolution of the dispute without Plaintiff's active cooperation. The fifth factor requires the Court to consider whether a less drastic alternative to dismissal is available. Plaintiff has failed to assert or demonstrate why a less drastic alternative is warranted, as they have failed to timely show good cause for their failure to prosecute their claims. The failure to comply with the Court's orders is also a basis for dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED that** this matter is **dismissed without prejudice**, and the Clerk of the Court shall terminate this case.

Dated this 18th day of December, 2023.

Camille D. Bibles
United States Magistrate Judge